UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| JULIO ENRIQUE RADA MOYA, | § |
| Plaintiff | § |
| GARY CUTSINGER, INDIVIDUALLY AND AS REPRESENTATIVE OF THE ESTATE OF KENDRICK CUTSINGER; AND PAMELA CUTSINGER, | § CIVIL ACTION NO. 1:11-cv-00458 |
| Intervenors, | § |
| VS. | § |
| FORD MOTOR COMPANY | § |
| Defendants. | § |

## PLAINTIFF'S 2nd AMENDED COMPLAINT

TO THE HONORABLE UNITED DISTRICT COURT:

COMES NOW, JULIO ENRIQUE RADA MOYA, INDIVIDUALLY, Plaintiff herein, complaining of Ford Motor Company, Inc. and for his cause of action would show the court as follows:

### I. JURISDICTION AND VENUE

1. This Court has original jurisdiction under 28 U.S.C. 1332(a)(1)-(3) in that this is a civil action between a, Plaintiff who is a citizen of Texas, and Defendants Ford Motor Company, which is a citizen of a foreign state, Delaware.

2. The amount in controversy exceeds the minimum jurisdictional limits of this Court and further is in excess of the $75,000.00 jurisdictional limits of the State Courts.

3.  Venue in Travis County, Texas is proper under the General Venue Rule of Section 15.002(a)(3) of the Texas Civil Practices & Remedies Code because Defendant Covert Ford, Inc. had its principal office in Travis County, Texas at the time this cause of action accrued.

## II. PARTIES

4.  Plaintiff Julio Enrique Rada Moya is an individual, and a citizen of Texas who resides in Randall County, Texas and brings suit herein individually in the accident made the basis of this lawsuit.

5.  Defendant Ford Motor Company, Inc. ("Ford") is a Delaware Corporation licensed to do business and doing business in Texas. Defendant Ford has been served with service of process and has answered herein, therefore, no additional service is necessary at this time.

## III. FACTS

6.  On or about September 3, 2010, Kendrick Klein Cutsinger was driving a 2001 Ford F350 Super Duty eastbound on SH 71 in Llano County, Texas. As the vehicle approached a curve in the road, the right side wheels of the 2001 Ford F350 Super Duty went off the right side of the road. As Mr. Cutsinger attempted to correct the vehicle and steer to the left, the vehicle began to yaw, tripped and rolled, ejecting both Mr. Cutsinger and Mr. Rada Moya. During the rollover sequence, Julio Enrique Rada Moya sustained a paralyzing spinal injury as a proximate and producing result of 1) the failure of the outboard front passenger buckle engaging in a false latch position prior to the collision and subsequently unlatching during the rollover and 2) the failure of the front passenger door D-21 door latch, which failure allowed the door to open and was a producing cause of the ejection of Julio Rada Moya, and is his injuries and damages.

## IV. CAUSES OF ACTION- STRICT PRODUCT LIABILITY

7.    The vehicle in question was originally designed, manufactured, sold, and/or placed into the stream of commerce by Defendant Ford Motor Company.

8.    At the time of the sale of the vehicle in question, Defendant Ford Motor Company, Inc. was in the business of designing, manufacturing and selling automobiles such as the vehicle in question.

9.    At the time the vehicle in question was designed, manufactured, sold and/or placed into the stream of commerce by Defendant Ford the same was defective and unreasonably dangerous in its design, marketing, and manufacture.

10.   More specifically the front driver and passenger seatbelt buckles suffered from defects in design, manufacture and marketing in that they suffered from a documented propensity to engage in "false latch" or partial engagement mode. This false latching resulted in the unlatching of Plaintiff's seatbelt buckle on the date of the accident, allowing Plaintiff Julio Rada Moya to be ejected, and paralyzed permanently.

11.   Further, the door latch on the front right passenger door (a Ford D-21) suffered from defects in design, marketing and manufacture, which defects, allowed the door latch to fail, and the front right door to open during the rollover accident, which failure was a producing cause of the ejection of Julio Rada Moya and his injuries and damages.

12.   Collectively, The defective and unreasonably dangerous conditions design, manufacturing and marketing conditions in the subject Ford F-350 were a producing cause of the permanently disabling injuries sustained by Julio Enrique

Rada Moya, and his damages. The damages (exclusive of interests and costs) sustained by the Plaintiff are in an amount far in excess of the minimum $75,000.00 jurisdictional limits of the Federal Courts.

13. Aside from normal wear and tear, the subject vehicle was in the same defective condition at the time of the accident as when it left the hands of Defendant Ford.

14. The subject vehicle was expected to and in fact reached the user or consumer without substantial change in the condition in which it was sold.

15. A safer alternative design for both the seatbelt buckle at issue and the subject door latch was economically and technologically feasible at the time the product left the control of Defendant Ford Motor Company, Inc. that would have prevented or significantly reduced the risk of injury without substantially impairing the utility of the product.

16. The applicable mandatory Federal Motor Vehicle Safety Standards, for the subject door latch and subject seatbelt buckle were inadequate to protect the public from unreasonable risks of injury or damage related to the defective seatbelt buckle and defective door latch in the subject vehicle. Defendant Ford Motor Company and others in the stream of commerce, including the designer and manufacture, withheld or misrepresented information or material relevant to the National Highway Traffic Safety Administration's (NHTSA's) determination of adequacy of the safety standards or regulations at issue in this action.

17. These defective and unreasonably dangerous conditions were a producing cause of the injuries and Plaintiff's damages. The damages (exclusive of interests and costs) sustained by the Plaintiffs are in an amount far in excess of the minimum $75,000.00 jurisdictional limits of the Federal Courts.

18. Aside from normal wear and tear, the subject vehicle was in the same defective condition at the time of the accident as when it left the hands of Ford Motor Company. The subject vehicle was expected to and in fact reached the user or consumer without substantial change in the condition in which it was sold. A safer alternative design was economically and technologically feasible at the time the product left the control of Motor Company that would have prevented or significantly reduced the risk of injury without substantially impairing the utility of the product.

## V. DAMAGES

19. As a producing and proximate result of the collision in question, Julio Enrique Rada Moya, has suffered in the past and continues to suffer from severe and permanently disabling injuries. Julio Enrique Rada Moya seeks to recover damages including the following:

   a. Medical care sustained in the past and that in reasonable probability Julio Enrique Rada Moya will sustain in the future;

   b. Lost earning capacity sustained in the past and that in reasonable probability Julio Enrique Rada Moya will sustain in the future;

   c. Physical pain and mental anguish damages sustained in the past and that in reasonable probability Julio Enrique Rada Moya will sustain in the future;

   d. Disfigurement sustained in the past and that in reasonable probability Julio Enrique Rada Moya will sustain in the future;

   e. Physical impairment sustained in the past and that in reasonable probability Julio Enrique Rada Moya will sustain in the future.

## VI. PRE-JUDGMENT AND POST-JUDGMENT INTEREST

20.     Plaintiff seeks pre-judgment and post-judgment interest as allowed by law.

## VII. JURY DEMAND

21.     Plaintiff timely requests a trial by jury and tender the appropriate fee.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that the Defendants be cited to appear and answer herein, as the law directs, and that upon final hearing thereof, Plaintiff have and recover judgment from the Defendant for his actual damages in such amounts as the evidence may show proper at the time of the trial, together with pre-judgment and post-judgment interest thereon at the maximum legal rate allowed by law, costs of court, attorneys fees, and for such other and further relief both general and special, at law or in equity, to which she may be justly entitled.

Respectfully submitted,

**SICO, WHITE, HOELSCHER & BRAUGH, L.L.P.**
Brantley White
802 N. Carancahua, Suite 900
Corpus Christi, Texas 78470
Phone: 361-653-3300
Facsimile: 361-653-3333

By: */s/ Brantley W. White*
Brantley White
Federal ID No. 22400
**ERSKINE & BLACKBURN, L.L.P.**
Blake C. Erskine, Jr.
Mark B. Blackburn
6618 Sitio del Rio Blvd., Bldg. C-101
Austin, Texas  78730
Phone: 512-684-8900
Facsimile: 512-684-8920
**ATTORNEYS FOR THE PLAINTIFF**

## CERTIFICATE OF SERVICE

The undersigned certifies that on this 30th day of March, 2012, a true and correct copy of the above and foregoing document was served upon the following counsel of record via the Court's electronic filing system and/or Certified U.S. Mail, Return Receipt Requested, in accordance with the Federal Rules of Civil Procedure.

/s/ *Brantley W. White*
Brantley W. White


William L. Mennucci
Ronald D. Wamsted
Thompson, Coe, Cousins & Irons, L.L.P.
701 Brazos, Suite 1500
Austin, Texas 78701
*Attorneys for Ford Motor Company & Covert Ford, Inc.*

Andrew L. Payne
Payne Mitchell Law Group
2911 Turtle Creek Boulevard, Suite 1400
Dallas, Texas 75219
*Attorneys for Intervenors Gary Cutsinger, Individually and as Representative of the Estate of Kendrick Cutsinger; and Pamela Cutsinger*

Blake C. Erskine, Jr.
Mark B. Blackburn
Erskine & Blackburn, L.L.P.
618 Sitio del Rio Blvd., Bldg. C-101
Austin, Texas 78730
*Attorneys for Plaintiff Julio Enrique Rada Moya*